**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Security Life Insurance Company of America,

Plaintiff,

v.

Hannover Life Reassurance Company of America, f/k/a Reassurance Company of Hannover,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2328 ADM/AJB

---

Robert L. Meller, Jr., Esq., Sarah Crippen Madison, Esq., and Cynthia L. Hegarty, Esq., Best & Flanagan, Minneapolis, MN, appeared for and on behalf of the Plaintiff.

Keith Dotseth, Esq., and Michael J. Steinlage, Esq., Larson King LLP, St. Paul, MN, appeared for and on behalf of the Defendant.

---

## I. INTRODUCTION

The above-entitled matter came before the undersigned United States District Judge on February 28, 2001, pursuant to Defendant's Motion to Dismiss or Stay Litigation [Doc. No. 6]. For the reasons set forth below, the Defendant's motion is granted. The litigation is stayed pending arbitration.

## II. BACKGROUND

In February 1995, Plaintiff Security Life Insurance Company of America ("Security") entered into a reinsurance contract ("Reinsurance Contract") with Benefit Life Insurance ("Benefit"). Meller Aff. Ex. A. Under the Reinsurance Contract, Benefit agreed to reinsure 90% of the claims of certain Security policies in exchange for a percentage of the premiums. Compl.

FILED MAR 2 8 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAR 2 8 2001
DEPUTY CLERK

¶ 6. The Reinsurance Contract provides that "[e]ither party. . . may request arbitration to resolve any dispute arising out of this Agreement. The other party. . . *must* agree to arbitration, and such arbitration shall be binding upon both parties. . . . Arbitration is the *sole remedy* for disputes arising under this Agreement." *Id.* Ex. A at 7-8 (emphasis added). The arbitration procedures are specified with particularity in the document. *Id.*

The Reinsurance Contract also contains a section titled "Service of Suit" that provides:

> [i]n the event of the failure of the Reinsurer hereon to pay any amount claimed to be due hereunder, the Reinsurer hereon, at the request of the Company, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to given [sic] such court jurisdiction, and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

*Id.* Ex. A at 9. The Reinsurance Contract also declares that "[a]ll questions pertaining to this document and its validity, construction and administration shall be determined in accordance with the laws of the state of Arizona." *Id.* Ex. A at 10.

On December 31, 1999, Security, Benefit and Defendant Hannover Life Reassurance Company of America ("Hannover") entered into an agreement ("Assignment") whereby Hannover assumed Benefit's obligations and rights under the Reinsurance Contract. Meller Aff. Ex. B. The Assignment expressly incorporates the Reinsurance Contract. *Id.* Ex. B ¶ 6. In the case at bar, Security is seeking indemnification from Hannover for its share of claims Security paid pursuant to the Assignment.

## III. DISCUSSION

Hannover's motion to dismiss is based upon the language in the Assignment stating that "[a]rbitration is the *sole remedy* for disputes arising under this [a]greement." *Id.* Ex. A at 8.

Because Security's Complaint stems from the Assignment, Hannover claims this litigation must be dismissed or stayed pending arbitration. Security opposes the motion on the grounds that the service of suit provision of the Assignment carves out an exception to mandatory arbitration that is applicable to their current claims.

Reinsurance contracts fall under the protection of the Federal Arbitration Act ("FAA"). *See Hassneh Ins. Co. of Isr. v. Paladin Reinsurance Corp.*, No. 90-CIV-5039, 1991 WL 258776, at *1 (S.D.N.Y. Nov. 22, 1991). Thus, if the parties have made an agreement to arbitrate the present dispute, such an agreement, "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Generally, 'there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Telectronics Pacing Sys., Inc. v. Guidant Corp*, 143 F.3d 428, 433 (8th Cir. 1998) (quoting *AT & T Tech., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986) (citations omitted)).

While Security does not dispute that the arbitration language is part of their contract with Hannover, it asserts that the service of suit language in the Assignment does not require the parties to arbitrate all disputes. This argument is based upon the following provision:

> [i]n the event of the failure of the Reinsurer hereon to pay any amount claimed to be due hereunder, the Reinsurer hereon, at the request of the Company, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to given [sic] such court jurisdiction, and all matters arising hereunder shall be determined in accordance with the law and practice of such court."

*Id.* Ex. A at 9. Security avers that because Hannover has failed to pay Security amounts due

under the Assignment, Hannover must submit to the jurisdiction of a *court* and *court* practices, thereby excluding mandatory arbitration.

The law and practice of this Court, however, is to stay litigation pending arbitration where the parties have agreed to arbitrate. It is well-established that such service of suit clauses do not abridge an agreement to arbitrate all disputes arising out of a relationship. *Ochsner/Sisters of Charity Health Plan, Inc. v. Certain Underwriters at Lloyd's*, No. 96-1627, 1996 WL 495157, at * 2 (E.D. La. Aug. 30, 1996); *Cont'l Cas. So. v. Certain Underwriters at Lloyd's*, No. C-92-4094, 1993 WL 299232, at *4-5 (N.D. Cal. July 21, 1993); *NECA Ins., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 595 F.Supp. 955, 958 (S.D.N.Y. 1984); *Ideal Mutual Ins. Co. v. Phoenix Greek Ins. Co.*, No. 83-CV-4687, 1984 WL 602, at *2 (S.D.N.Y. July 3, 1984); *Old Dominion Ins. Co. v. Dependable Reinsurance Co.*, 472 So.2d 1365, 1368 (Fla. Dist. Ct. App. 1985); *see McDermott Int. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1205 (5th Cir. 1991) (approving of resolution of the issue in *NECA*). In two published opinions, courts have determined that suits to force a reinsurer to pay monies due must be arbitrated pursuant to a broad arbitration clause where there was a service of suit clause virtually identical to the one currently at issue. *NECA*, 595 F.Supp. at 957; *Phoenix*, 1984 WL 602, at *2 n. 1, 2. The reason for service of suit clauses is not to limit the arbitrability of claims, but to "obviate potential problems with obtaining jurisdiction over the parties." *Old Dominion*, 472 So.2d at 1368.

Because the Assignment falls under the protection of the FAA, any inconsistency between the arbitration and service of suit clauses should be resolved in favor of arbitration. *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*, 460 U.S. 1, 24-25 (1983)). Moreover, the

service of suit clause in the Assignment can be read in "harmony" with the clause requiring the arbitration of all disputes; the service of suit clause provides a means to compel arbitration or enforce any arbitration award. *McDermott*, 944 F.2d at 1205; *Ochsner*, 1996 WL 495157, at * 1-2; *Old Dominion*, 472 So.2d at 1368. The fact that the service of suit clause specifies that it applies to a "failure to pay any amount claimed" does not exempt these specific claims from broad arbitration agreements. *Ochsner*, 1996 WL 495157, at * 1-2; *NECA*, 595 F.Supp. at 957, *Phoenix*, 1984 WL 602, at *2; *Old Dominion*, 472 So.2d at 1368.

Security avers that principles of contract interpretation allow the Assignment's service of suit clause to be read that suits for "failure to pay any amount claim" are to be litigated in court. Such principles, even if correct, are inapplicable because they are "displaced in this context by the more specific rule requiring that 'any doubts concerning the scope of arbitrable issues. . . be resolved in favor of arbitration.'" *Falcone Bros. P'ship v. Bear Stearns & Co.*, 699 F.Supp. 32, 34 (S.D.N.Y. 1988) (quoting *Cone*, 460 U.S. at 24). Security's public policy arguments are also extraneous because courts have "no discretion to consider public-policy arguments in deciding whether to compel arbitration under the FAA." *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1382 (9th Cir. 1997) (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

Security cites *Transit Cas. Co. in Receivership v. Certain Underwriters at Lloyd's of London*, 963 S.W.2d 392 (Mo. Ct. App. 1998), and *Thiokol Corp. v. Certain Underwriters at Lloyd's of London*, No. 96-CV-028, 1997 U.S. Dist. LEXIS 8264, at *1 (D. Utah May 6, 1997), in support of their position. *Transit* is inapplicable because the FAA was found to not apply to the contract. 963 S.W.2d at 394. Likewise, *Thiokol* is distinguished by the fact that the plaintiff opposing forced arbitration was not a party to the arbitration agreement, but a third party

beneficiary. *Thiokol*, 1997 U.S. Dist. LEXIS 8264, at *6. This lead to the court's decision that the FAA was not applicable to the agreement. *See id.* at *14.

Although the FAA applicability alone is sufficient to stay litigation in this case, Arizona statutory law also compels this result. Section 20-261.01(B) of the Arizona Revised Statutes requires that reinsurance credit agreements provide that "contested claims are valid and enforceable on the final order of any court of competent jurisdiction in the United States." The same section, however, states that this language "shall not override the obligation of the parties to a reinsurance agreement to arbitrate a dispute if the agreement requires arbitration." Ariz. Rev. Stat. § 20-261.01(C).[1] Thus, the service of suit language does not affect a mandatory arbitration clause. Hannover's motion is granted as to the stay.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

Defendant's Motion to Dismiss or Stay [Doc. No. 6] is **GRANTED**. The litigation is stayed pending arbitration.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2001

[1]Minnesota law contains similar provisions. Minn. Stat. § 60A.092(11)(a) & (b).

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd